**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN SANTOS-OLIVARES, | No. 13-71682 |
| Petitioner, | Agency No. A078-536-261 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Ruben Santos-Olivares, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings to apply for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT").  We have jurisdiction under

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo questions of law, including claims of due process violations. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA may deny a motion to reopen for failure to state a prima facie case for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). The BIA did not abuse its discretion in denying the motion to reopen because Santos-Olivares failed to establish prima facie eligibility for asylum and withholding of removal, where his fear of harm from the unknown men who killed his father in 1990 is speculative, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003), and he did not otherwise demonstrate that a protected ground would be one central reason for the harm he fears, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Further, the BIA did not abuse its discretion in denying the motion to reopen because Santos-Olivares did not establish prima facie eligibility for CAT relief based on the background evidence and general assertions regarding gang violence and police corruption. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Finally, the BIA also did not abuse its discretion in denying Santos-Olivares's motion to reopen because he failed to establish prejudice caused by his former attorney. *See Iturribarria*, 321 F.3d at 903 (BIA did not abuse its discretion in concluding that petitioner did not qualify for relief in question).

**PETITION FOR REVIEW DENIED.**